DISTRICT OF OREGON
**F I L E D**
June 11, 2021
**Clerk, U.S. Bankruptcy Court**

Below is an opinion of the court.

_____
DAVID W. HERCHER
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

In re

**Lance Harding Lupton**,

Debtor.

Case No. 21-30547-dwh7

MEMORANDUM DECISION OVERRULING OBJECTION TO TRUSTEE'S MOTION FOR TURNOVER OF ASSETS OF LHL LIVING TRUST

NOT FOR PUBLICATION

## I. Introduction

Ken Eiler, the chapter 7 trustee, has moved for turnover from debtor, Lance Lupton, of property of a trust of which Lupton is grantor. Lupton opposes turnover, claiming that the trust has creditors who must first be paid from the trust property before he turns over any surplus to Eiler. Eiler contends that the trust is revocable and has been revoked, making its assets property of the bankruptcy estate.

Page 1 – MEMORANDUM DECISION OVERRULING OBJECTION TO TRUSTEE'S etc.

For the reasons that follow, I agree with Eiler, and I will overrule Lupton's objection and order the turnover that Eiler requests.

## II. Background

Eiler filed a motion to compel turnover of "All assets in the Lance Harding Living Trust, also known as the LHL Living Trust, including, but not limited to, all monies held by the LHL Living Trust at WaFd Bank."[1] The motion alleges that "assets of the trust are property of the bankruptcy estate." In a memorandum in support of the motion, Eiler alleges that Lupton is the grantor and trustee of the trust, which is governed by Oregon law; the trust is revocable by Lupton; and the trust's assets are subject to the claims of Lupton's creditors and thus also property of the bankruptcy estate.[2]

Eiler filed the motion on LBF 755, and I ordered the requested turnover, but only if Lupton did not timely object—which he did.

In Lupton's response, he alleges that the trust "has debts in its own name above the value of any assets in the trust" and that he, as trustee, "has a legal duty to pay the debts of the trust with trust assets before using that money for any other purpose."[3] The response does not otherwise dispute Eiler's motion and memorandum, including the allegations that the trust is revocable by Lupton, that Oregon law makes the trust assets available to pay all creditors of Lupton, and that the trust assets are property of the estate.

I granted Eiler leave to file a reply in support of the motion. There, Eiler argues that property of a revocable trust is subject to the claims of creditors of the settlor as if the property were property of the settlor; the filing of Lupton's bankruptcy petition divested him of the office

---

[1] Docket item (DI) 29.
[2] DI 25.
[3] DI 32.

Page 2 – MEMORANDUM DECISION OVERRULING OBJECTION TO TRUSTEE'S etc.

Case 21-30547-dwh7    Doc 63    Filed 06/11/21

of trustee of the trust; and that Eiler, as Lupton's successor, has exercised Lupton's power as settlor to revoke the trust, making its assets property of the estate.[4]

At the initial hearing on the motion, on June 1, 2021, Rex Daines, Lupton's lawyer, declined the opportunity to have additional time to respond to Eiler's reply. Daines then stated his view that there are factual issues regarding the existence and amount of the debts allegedly incurred by Lupton as trustee and argued that Lupton, as trustee, must pay the trust's debts before giving any assets to Eiler. After discussion of Eiler's legal position—that the existence of the trust's debts did not affect Eiler's right to turnover of all of its assets—Daines said that he had nothing to add.

### III. Discussion

Lupton cites no authority in support of his contention that he must pay trust debts before the trust assets become available for payment of his personal debts. Eiler disputes that contention, and I have found no authority to support it.

Under Oregon Revised Statutes § 130.315(a), "the property of a revocable trust is subject to claims of the settlor's creditors" during the settlor's lifetime. This is true even of a spendthrift trust.[5] That statute, which makes trust assets subject to the claims of the settlor's creditors, is unqualified; it doesn't say that the settlor's creditors are inferior in priority to creditors holding claims against the trust. It appears to preserve the older legal rule that a revocable trust is "void" as against the settlor's creditors.[6] As far as the settlor's creditors are concerned, a revocable trust simply doesn't exist, and the assets are treated as if they were the settlor's own property.

---

[4] DI 42.
[5] ORS 130.315(1).
[6] *Johnson v. Commercial Bank*, 588 P.2d 1096, 1100 (Or. 1978).

Page 3 – MEMORANDUM DECISION OVERRULING OBJECTION TO TRUSTEE'S etc.

Even if it were true that Lupton, as trustee of the trust, had a duty to pay claims against the trust before he paid his own debts, it wouldn't remove his obligation to turn over trust assets to Eiler, as bankruptcy trustee.

Eiler correctly argues that he, not Lupton, now has the rights and duties of the trustee of the trust. Eiler's position is that the Trust's creditors are themselves creditors of the bankruptcy estate and should file claims.[7] Whatever the status of the trust's creditors with respect to the bankruptcy estate generally and with respect to the trust assets in particular, I agree with Eiler that he is entitled to possession of the trust assets—which is all that this motion requires me to decide.

In view of my agreement with Eiler's argument, no evidence on the topics proffered—the existence and amount of the trust's debts—is required.

## IV. Conclusion

I will overrule the objection and order the requested turnover.

David Criswell may lodge an order.

# # #

---

[7] See DI 42 at 3.

Page 4 – MEMORANDUM DECISION OVERRULING OBJECTION TO TRUSTEE'S etc.

Case 21-30547-dwh7    Doc 63    Filed 06/11/21